(56 Misc. Rep. 505.)

## MUSICA v. AMALFITANO.

(Supreme Court, Appellate Term. November 29, 1907.)

1. COURTS—MUNICIPAL COURTS—JURISDICTION—CORRECTION OF JUDGMENT.
    A Municipal Court justice has no authority to amend a judgment, unless made at the close of the trial or on a two days' notice of motion, as required by Municipal Court Act, Laws 1902, p. 1563, c. 580, § 254.

2. APPEAL—JUDGMENT—MODIFICATION—JURISDICTION.
    Where plaintiff appeals from a judgment in his favor, and from an order vacating an order amending the same by inserting a clause providing for the arrest and imprisonment of defendant, the appellate court has jurisdiction to insert such provision, if the facts disclosed justify the issuance of such process against defendant.

3. TROVER AND CONVERSION—JUDGMENT—ARREST OF DEFENDANT.

Where plaintiff in trover proved a sale to defendant under a written agreement binding defendant to hold the merchandise in trust until the note for the price was paid, but allowing defendant to sell the merchandise and pay the proceeds to plaintiff, that the note had not been paid, and that the merchandise had not been returned on demand, and defendant testified that he had sold all the merchandise and had not received any of the proceeds therefor, plaintiff, on recovering judgment, was not entitled, under Municipal Court Act, Laws 1902, p. 1562, c. 580, § 251, to a provision therein authorizing the arrest and imprisonment of defendant, having failed to show a conversion.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Antonio Musica against Vito Amalfitano. From a judgment granting insufficient relief, and from an order vacating an order modifying the judgment, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Carter & Haskell, for appellant.
Giuseppe L. Maggio, for respondent.

LEVENTRITT, J. The action is for conversion. A verified complaint was served with the summons, and on the return day the defendant pleaded a general denial. The trial which followed was concluded on the 2d of May, 1907. On the 14th of May the trial justice rendered the usual money judgment in favor of the plaintiff, without stating therein that the defendant was subject to arrest and imprisonment. Upon discovering this omission, the plaintiff's attorneys three days later made an ex parte application to the trial justice for an amendment of the judgment by the insertion of such a provision, and on the 20th of May the justice amended the judgment accordingly. When the defendant learned that the amendment had been made, he obtained an order to show cause, based upon affidavits, why the inserted provision should not be stricken out and the judgment restored to its original form. On the hearing of the motion the plaintiff submitted a counter affidavit. The motion was granted, the original judgment was restored, and the defendant, who had theretofore been taken into custody under a body execution, was discharged. The appeal under consideration was thereafter taken from the vacatur of the order of modification, and also from the judgment in so far as it did not provide for the arrest of the defendant.

The justice was powerless to make the amendment, because it was made neither at the close of the trial nor upon two days' notice of motion, as required by section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580). He could not, upon the application of either party, without formal notice to the other, make an order amending or modifying the judgment. Ryan v. Brown, 51 Misc. Rep. 67, 99 N. Y. Supp. 868; Barron v. Feist, 51 Misc. Rep. 589, 101 N. Y. Supp. 72; Lackner v. American Clothing Co., 112 App. Div. 438, 98 N. Y. Supp. 376. The justice had no alternative, therefore, except to undo his unauthorized act by making the order appealed from.

The appeal from the judgment, however, brings up for review the omission to add the indorsement which would entitle the plaintiff to a body execution under section 251 of the Municipal Court act. If the facts disclosed on the trial were such as to justify the issuance of that process, we could modify the judgment by directing the insertion of the words: "Defendant liable to arrest and imprisonment on execution." Ostrom v. Sapolsky, 49 Misc. Rep. 610, 96 N. Y. Supp. 1070. The plaintiff alleged a cause of action in conversion, and proved the sale and delivery to the defendant of certain merchandise under an agreement in these words:

"Received from A. Musica, of New York, the merchandise specified in the invoice dated Dec. 20/06, Jan. 9/14/30/07, and shipped from ⸻, marks and numbers being A. M. 258 Bx Maccaroni, 62 Bx Maccaroni, 1 case cheese, 5 bales fish, 1 drum fish; and in consideration thereof I agree to hold said merchandise on storage as his property, in trust, until the notes given or to be given as the purchase money of said merchandise under a credit issued to me and any other indebtedness to said A. Musica shall have been paid or satisfactorily provided for. It is understood that I shall be at liberty to sell the said merchandise and hand the proceeds, when received, to said A. Musica as security for due provisions for said acceptances and indebtedness, and also that I shall keep the same insured against fire, payable, in case of loss, to said A. Musica, who is not to be chargeable with any expense thereon. The intention of this arrangement is to protect and preserve unimpaired the title of said A. Musica to said merchandise.

"[Signed]                                     Vito Amalfitano."

He further testified that the note referred to in the agreement had not been paid and that the merchandise had not been returned upon demand. He did not show, however, either that the goods were in defendant's possession or that they had been sold and any proceeds received. Since, under the agreement, one of these conditions was an element essential to the proof of conversion, the plaintiff failed to establish the cause of action pleaded. Furthermore, the defendant testified that he had sold all the merchandise and that he had not received any of the proceeds therefor. Under these circumstances the plaintiff was entitled merely to a judgment in the form rendered by the learned trial justice.

The judgment and order appealed from must be affirmed. All concur.